OLIVER MENGLE AND MARY L. MENGLE, RELATORS, v. JOHN H. MAUGER AND THE TOWNSHIP OF HADDON, RESPONDENTS.

Submitted October 11, 1929—Decided March 19, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the relators, *Patrick H. Harding.*

For the respondents, *Walter S. Keown.*

PER CURIAM.

This application is for a writ of *mandamus* made on behalf of the relators, Oliver Mengle and Mary L. Mengle, who are the owners of the property described in the petition, to compel the township of Haddon and the building inspector of the township, to grant relators a permit to construct an addition to a building owned by the relators at the corner

of White Horse Pike and Clinton avenue, in said township of Haddon, in the county of Camden.

The application was made originally to John H. Mauger, building inspector of the township of Haddon, and he refused the application upon the ground that the building in question, with such addition as the relators propose to make, would be a violation of an ordinance passed by the township committee on November 10th, 1925, annexed to the stipulation filed in this matter.

The relators contend that the writ should be allowed for the following reason, among others:

Because the ordinance in question does not affect the premises of relators inasmuch as the ordinance is intended and does cover only properties located in what is known as the Bettlewood Estates, and relators' property is not in the Bettlewood Estates.

Relators derived their title by conveyance from Herman Odlen and wife on August 21st, 1923, and there is nothing in this title deed, nor in any previous deed, that in any way affects or restricts the use of the property so far as the erection of buildings is concerned.

While the title is derived from William Bettle and wife, the Bettlewood Estates, which is a corporation that laid out the development subsequent to the death of William Bettle, never had title to the land in question.

The ordinance referred to was passed in November, 1925, or approximately three years after the relators took title to the property, and purports to establish a building line and restricts the erection of buildings on or along Clinton avenue, Collingswood avenue, Greenwood avenue, Oakland avenue, Ormond avenue, Holly avenue, Park avenue, Cedar avenue, Cuthbert road, Johnson avenue, Cold Spring avenue and the White Horse turnpike "in that section of the township of Haddon known as the Bettlewood Estates."

A careful examination of the maps showing the Bettlewood Estates and the property of the relators, in connection with the ordinance, shows that the township committee, in passing this ordinance, did not intend that the ordinance was

to affect any property not actually within the lines of the Bettlewood Estates. It is admitted in respondents' brief that the Bettlewood Estates already had by deed established certain building lines or restrictions, and the ordinance was passed only to reaffirm or republish these restrictions.

Respondents contend that the ordinance, by including Clinton avenue, was intended to cover Clinton avenue all the way through to the White Horse Pike, but an examination of the map will show that while Clinton avenue runs from the White Horse Pike to a point beyond Cold Spring avenue, the land of the Bettlewood Estates ceases at a distance approximately two hundred and ninety-five feet east of the White Horse Pike. Manifestly, it would have been impossible for the township to have passed an ordinance affecting the Bettlewood Estates, without at least including that part of Clinton avenue lying between Cold Spring avenue and a point two hundred and ninety-five feet east of the White Horse Pike. This undoubtedly is the reason that Clinton avenue was set forth by name and included as part of the Bettlewood Estates.

There is nothing in the ordinance itself which recites the purpose thereof, but the governing authorities must have had in mind at the time of the passage of the ordinance the scheme of the Bettlewood Estates, which would set back all of the properties in this development to certain well-defined lines which are the same lines as recited and set forth specifically in the ordinance, and which as we have shown did not comprehend the property of the relators.

It is contended that the case of *The Lynch Realty Co.* v. *Kaeser,* 6 *N. J. Mis. R.* 523, controls the present situation. We think not. There the Supreme Court was very careful to point out that the ordinance, there and here in question, affecting the property of the Lynch Realty Company was nothing more than an affirmation of the restrictions set out in deeds given by the Bettlewood Esates to its various grantees, and that the imposition or burden of the ordinance on Lynch's property was no greater under the ordinance than that imposed by the deed itself. In that case there is no dis-

pute but what Lynch's property was in the Bettlewood Estates and constituted part thereof. Not so here, and that makes the distinction between that case and this.

The result is that a peremptory writ of *mandamus* will be allowed. And if a review is desired the respondents are hereby given permission to enter a rule allowing and directing the moulding of the pleadings so as to permit such review.